UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Zeno Lopata, | § |
| Plaintiff, | § |
| versus | §  Civil Action H-20-3988 |
| Kilolo Kijakazi, | § |
| Defendant. | § |

## Opinion on Summary Judgment

1. *Introduction.*

    The question is whether substantial evidence supports the commissioner's decision that Zeno Lopata is not disabled under the Social Security Act.

    Lopata brought this action for judicial review of the commissioner's final decision denying his claims for disability benefits. 42 U.S.C. §§ 405 (g), 423. Lopata moved for reversal and remand. He moved for summary judgment.

2. *Standard of Review.*

    Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the reviewing officer must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe. Third, the severity of the claimant's impairments must equal the criteria of an impairment listed in 20 CFR. Furthermore, Paragraph B of this section stipulates that mental impairments must result in at least one extreme or two marked limitations in broad areas of functioning which are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and, (d) adapting or managing themselves. Fourth, the reviewing officer determines the claimant's residual functional capacity to perform requirements of his past relevant work. Fifth, the claimant's ability to do other work must be evaluated based on his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4).

4. *Background.*

Zeno Lopata is a 65-year-old man. On October 6, 2015, Lopata applied for disability benefits. Lopata said he was disabled because of a right shoulder rotator cuff reconstruction, herniated disc removed L1-S1, high blood pressure, chronic obstructive pulmonary disease, sleep apnea, and acid reflux. He claims his disability began on April 23, 2013. His claim was denied, and denied again upon reconsideration. Lopata then filed a written request for hearing.

On December 19, 2017, an administrative law judge held a hearing. Lopata testified at the hearing that he is in constant pain and uses a cane for balance. The cane is not medically prescribed. He testified that he has lost 60 pounds but has difficulty standing on his right side.

The officer found that Lopata could perform past relevant work that did not interfere with the activities precluded by the residual functional capacity assessment. After the hearing, an administrative law judge denied Lopata disability benefits.

Moore asked the appeals council to review the decision. The appeals council denied his request for review.

5. *Application.*

The officer adhered to the five-step process and properly found that Zeno Lopata is not disabled.

### A. *Step One*

Lopata has not engaged in substantial gainful activity since April 23, 2013, the alleged onset date.

### B. *Step Two*

The officer identified the following severe impairments: right shoulder degenerative joint disease and status post arthroscopy with rotator cuff repair; cervical spondylosis; lumbar degenerative disc disease; and obesity. These severe impairments significantly limit Lopata's ability to perform basic work activities.

### C. *Step Three*

Lopata does not have an impairment or combination of impairments that meets the severity of a listed impairment under 20 CFR. Lopata says the officer did not consider multiple treating physicians' opinions. He says the officer also did not evaluate his morbid obesity and consider a closed period of disability.

A treating physician can offer an opinion on disability, however, the Commissioner decides whether a claimant is disabled. The officer considered the opinions of multiple doctors. The officer found their opinions were unsupported by medical evidence. For example, Doctor Caldwell found that Lopata could not perform sedentary work. Lopata's activities suggested otherwise. He was riding a bicycle for exercise and had the ability to take care of himself.

The officer also assessed the cumulative effects of Lopata's obesity. The officer concluded that his obesity in combination with the other impairments did not meet the criteria. The officer considered the limiting effects of obesity in the residual functional capacity analysis. The officer concluded Lopata's obesity did not cause significant abnormalities that would preclude him from working.

Lopata says the officer did not consider the closed period of disability in the decision. Lopata had shoulder surgery on July 16, 2013. His doctor, Hughes, recommended he avoid light work from April 2013 through August 2014. During the time period, Hughes recommended Lopata attend physical therapy. Lopata did not. The officer is permitted to rely on Lopata's failure to attend physical therapy as a sign of non-disability.

Lopata has severe impairments. The impairments do not prevent him from completing daily living activities or performing substantial gainful activity.

D. *Step Four*

Based on his residual functional capacity, the officer concluded that Lopata could perform his past relevant work as a delivery driver, automobile salesman, courier, carpet salesman and tour bus company guide.

The officer relied on the vocational expert who found that Lopata has the residual functional capacity to perform light work. His work history shows that he never lifted heavy objects over 15 pounds. Lopata's impairments did not result in an inability to perform light work.

Substantial evidence shows that Lopata's impairments do not prevent him from light work. Lopata's testimony at the hearing confirms that he can perform light work within the officer's limitations.

6.  *Conclusion.*

The decision of the commissioner denying Lopata's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed January **25**, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge